# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHELLE MACDONALD SHIMOTA, and THOMAS G. SHIMOTA, | Civil No. 15-1590 (JRT/KMM) |
| Plaintiffs, | **ORDER DENYING MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL, FINAL JUDGMENT, OR STAY OF PROCEEDINGS** |
| v. | |
| BOB WEGNER, CHRISTOPHER MELTON, TIMOTHY GONDER, JON NAPPER, DANIEL FLUEGEL, FLUEGEL LAW FIRM, P.A., DAKOTA COUNTY, JOHN 1-10 DOES, and JANE DOES 1-10, | |
| Defendants. | |

Stephen V. Grigsby, **ATTORNEY AT LAW**, 5901 12th Avenue South, Minneapolis, MN 55417, for plaintiffs.

Jeffrey A. Timmerman, Assistant County Attorney, **DAKOTA COUNTY ATTORNEY'S OFFICE,** 1560 Highway 55, Hastings, MN 55033, for defendants Bob Wegner, Christopher Melton, Timothy Gonder, Jon Napper, and Dakota County.

Peter L. Gregory, Lewis A. Remele, Jr., and Mark P. Hodkinson, **BASSFORD REMELE, PA,** 33 South 6th Street, Suite 3800, Minneapolis, MN 55402, for defendants Daniel Fluegel and Fluegel Law Firm, P.A.

Plaintiffs Michelle MacDonald Shimota ("MacDonald") and Thomas G. Shimota (collectively "Plaintiffs") brought this action against Dakota County and individual employees of Dakota County (collectively "County Defendants"), and former Dakota County prosecutor Daniel Fluegel and his law firm, Fluegel Law Firm P.A. (collectively "Fluegel"), alleging various civil rights and tort claims stemming from MacDonald's

arrest and detention in Dakota County in September 2013.[1]  Plaintiffs brought 22 counts in total, including claims for violations of MacDonald's rights under the First, Fourth, and Fourteenth Amendments, as well as corresponding state tort causes of action and other state law claims.

On March 29, 2016, the Court issued an order granting Fluegel's motion to dismiss in its entirety based on absolute immunity for his actions as a prosecutor and qualified and official immunity for any additional actions.  (Mem. Op. & Order at 34-37, Mar. 29, 2016, Docket No. 60.)  The Court also granted in part and denied in part the County Defendants' motion to dismiss.  The Court found that based on the facts alleged by Plaintiffs, the County Defendants had at least arguable probable cause to arrest MacDonald, and thus many of her claims based on the arrest failed.  (*Id.* at 11-15.)  The Court dismissed MacDonald's equal protection claim and federal conspiracy claims for insufficient factual allegations suggesting gender animus or a conspiracy.  (*Id.* at 21-23, 25-27.)  The Court dismissed her claims against Dakota County, finding that she failed to sufficiently allege a policy or custom leading to a constitutional deprivation.  (*Id.* at 27-29.)  The Court found several state law claims barred by official immunity or insufficiently pleaded.  (*Id.* at 29-32.)  Finally, the Court dismissed Shimota's loss of consortium claim due to the lack of physical injury to MacDonald from a qualifying underlying tort.  (*Id.* at 33-34.)

---

[1] Additional background for this case can be found in the Court's prior order, dated March 29, 2016.  (Mem. Op. & Order, Mar. 29, 2016, Docket No. 60); *Shimota v. Wegner*, No. 15-1590, 2016 WL 1254240 (D. Minn. Mar. 29, 2016).

The Court, however, denied the County Defendants' motion on 1) MacDonald's Fourth Amendment claim for the search of her camera, (*Id.* at 15-17); 2) her conditions-of-confinement claim based on her detention, (*id.* at 23-25); and 3) her respondeat superior claim to the extent it was based on the theft claim not subject to the motion to dismiss, (*id.* at 32-33).  Thus, MacDonald has four remaining claims against the County Defendants.

Plaintiffs now move the Court to certify its March 29 order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) and (c), or alternatively, to certify the ruling as a final judgment under Federal Rule of Civil Procedure 54(b), and in either case, to stay proceedings while the appeal is pending.  Because the Court finds that Plaintiffs have not satisfied the statutory requirements for an interlocutory appeal, and have not shown a risk of hardship or injustice sufficient to justify entry of final judgment, the Court will deny Plaintiffs' motion.

## ANALYSIS

## I.      CERTIFYING FOR INTERLOCUTORY APPEAL

Circuit courts of appeals have jurisdiction over "all final decisions of the district courts."  28 U.S.C. § 1291.  Under certain circumstances, a district court may determine that an otherwise non-final order may be certified for interlocutory appeal under 28 U.S.C. § 1292(b).  Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the

order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

A party seeking an interlocutory appeal must show that "(1) there is a controlling question of law, (2) there is a substantial ground for difference of opinion as to that controlling question of law, and (3) an immediate appeal may materially advance the ultimate termination of litigation." *Shukh v. Seagate Tech., LLC*, 872 F. Supp. 2d 851, 860 (D. Minn. 2012).

A motion for certification of interlocutory appeal "must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Section 1292 is "to be used only in extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation" and "was not intended merely to provide review of difficult rulings in hard cases." *Union Cty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (quoting *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)). Furthermore it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White*, 43 F.3d at 376 (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)).

Plaintiffs contend that there are controlling questions of law, including (1) whether the Fluegel defendants are entitled to absolute or qualified immunity, (2) whether there was probable or arguable probable cause for MacDonald's arrest, and (3) whether several of Plaintiffs' other claims were sufficiently pleaded. However, even assuming that these are controlling questions of law, for all but one, Plaintiffs do not point to any

contrary case law suggesting that there is "substantial ground for difference of opinion." Plaintiffs cite several cases to support their contention that the Court wrongly decided that Fluegel was entitled to immunity. But Plaintiffs previously cited these same cases in response to Fluegel's motion to dismiss, (Pl.'s Mem in Opp'n at 18-22, June 15, 2015, Docket No. 49); they were refuted by Fluegel's reply, (Reply Mem. in Supp. of Fluegel Mot. to Dismiss at 2-5, June 29, 2015, Docket No. 50), and rejected by the Court, (*see* Mem. Op. & Order at 34-35 (finding Fluegel was entitled to prosecutorial immunity and citing *Filarsky v. Delia*, 132 S. Ct. 1657 (2012)).

Furthermore, even assuming that Plaintiffs have identified controlling questions of law upon which there are substantial grounds for a difference of opinion, Plaintiffs have not established that an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see Burks v. Abbott Labs.*, No. 08-3414, 2013 WL 949890, at *1-2 (D. Minn. Mar. 11, 2013) (denying certification for interlocutory appeal on the sole basis that the appeal would "not materially advance the ultimate termination of the litigation in the exceptional manner contemplated by the statute" (internal quotation marks omitted)). "When litigation will be conducted in substantially the same manner regardless of [the court's] decision, the appeal cannot be said to materially advance the ultimate termination of the litigation." *White*, 43 F.3d at 378-79.

Here, Plaintiffs argue that certification would materially advance termination of the litigation because there has not been significant discovery, and an appeal at this stage, if successful, would allow them to pursue discovery on all claims together. Plaintiffs also

state that if they proceed on their remaining claims and then are successful in a later appeal, they would have to engage in further discovery and possibly a second trial. However, similar facts would always be present where an early order dismisses some, but not all, of a plaintiff's claims.  Thus, those facts alone cannot be sufficient to justify certification, as certification is appropriate only in "extraordinary cases," *Union Cty., Iowa*, 525 F.3d at 646 (quoting *Wright*, 359 F.2d at 785), and it is subject to the "policy of the courts to discourage piece-meal appeals," *White*, 43 F.3d at 376 (quoting *Control Data Corp.*, 421 F.2d at 325).

Overall, Plaintiffs have not met their heavy burden of establishing that this is one of those extraordinary cases where an interlocutory appeal would avoid expensive litigation; rather, allowing an interlocutory appeal here would risk piece-meal appeals and increased burdens on the courts.  The Court, therefore, will deny Plaintiffs' motion to certify for an interlocutory appeal.

## II.    FINAL JUDGMENT

Alternatively, Plaintiffs ask the Court to enter final judgment on all claims resolved by the March 29 order, so that they may appeal those claims to the Eighth Circuit.  *See* 28 U.S.C. § 1291 (providing that circuit courts "have jurisdiction of appeals from all final decisions").  Rule 54(b) provides that when an action includes more than one claim for relief, the court may direct entry of a final judgment as to one or more, but fewer than all, claims if the court "expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  But such "[c]ertification should be granted only if there exists some danger of hardship or injustice through delay which would be alleviated by

immediate appeal." *Huggins v. FedEx Ground Package Sys., Inc.*, 566 F.3d 771, 774 (8th Cir. 2009) (quoting *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983)).  "In determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals." *McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (quoting *Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993)).  The interests of judicial economy typically favor "delaying appeal until all issues can be confronted by [the court of appeals] in a unified package;" this is especially true where "the adjudicated and pending claims are closely related and stem from essentially the same factual allegations." *Id.* at 928-29 (quoting *Hayden*, 719 F.2d at 268) (finding the district court abused its discretion in entering final judgment where the appeal would result in "piecemeal appeals arising out of the same factual allegations" and "requir[ing] a future court to refamiliarize itself with the same complex set of facts on subsequent appeals").

Here, Plaintiffs have not shown a risk of hardship or injustice if not allowed an immediate appeal.  Plaintiffs instead point to the possibility of conducting some additional discovery and potentially a second trial if their other claims are eventually restored.  This danger cannot be sufficient to require entry of final judgment, however.  If it were, entry of final judgment pursuant to Rule 54(b) would be commonplace, which would contradict the Eighth Circuit's unambiguous directive that "Rule 54(b) certifications 'should neither be granted routinely nor as an accommodation to counsel.'" *Huggins*, 566 F.3d at 774-75 (quoting *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833

(8th Cir. 2006) (reversing district court's entry of final judgment under Rule 54(b) where the reasons for certification "– [t]o avoid the potential for multiple trials . . . and . . . inconsistent jury verdicts involving the same incident – fail[ed] to distinguish [the party's] case from any civil action where some, but not all, of the defendants are dismissed before trial").  Many of Plaintiffs' decided and pending claims stem from the same factual allegations, and an early appeal could result in piece-meal appeals that would burden the court of appeals and require it to familiarize itself with the facts of the case on multiple occasions.  Accordingly, the Court finds insufficient risk of hardship or injustice in this case, and will decline to direct entry of final judgment prior to the resolution of all claims.

Thus, because Plaintiffs' request for an immediate appeal – either through certification or final judgment – is denied, the Court will also deny Plaintiffs' request for a stay as moot.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Certify Order for Interlocutory Appeal or Final Judgment, and a Stay [Docket No. 64] is **DENIED**.

DATED:  September 19, 2016           _____s/ John R. Tunheim_____
at Minneapolis, Minnesota.                     JOHN R. TUNHEIM
                                                Chief Judge
                                        United States District Court