| Dakota Sheriff | **INCIDENT** | Case Number: 13001625 |
|---|---|---|
| Disposition: Active/Pending | | Title: Contempt of Court |
| Needs Follow-up: No | Incident Type: Other | Citation Issued: No |
| Investigation Needed: No | CAD #: 13017288 | |
| Admin Review Needed: No | How Initiated: In Person | |
| Drug Related: No | | |

### OFFICER INFORMATION

| Name | Agency | Badge | Type |
|---|---|---|---|
| Christopher Melton | Dakota Sheriff | 156 | Primary |
| Timothy P Gonder | Dakota Sheriff | 1144 | Assisting |
| Jonathan R Napper | Dakota Sheriff | 159 | Assisting |

### EVENT DATES

| Reported | On Scene | Cleared |
|---|---|---|
| 2013-09-12 09:15 | 2013-09-12 09:15 | 2013-09-12 10:40 |

### INCIDENT DETAILS

Address: 1580 Highway 55; Hastings, MN 55033; Dakota US
Location Type: GOVERNMENT/PUBLIC BUILDING
Location Description: Courtroom 1F.
Start Date: 2013-09-12 09:15    End Date: 2013-09-12 10:40

### SYNOPSIS

The following report will detail an arrest for contempt of a court order.

### PROPERTY INFORMATION

| ID: | Associated with: | | | |
|---|---|---|---|---|
| Description: Kodak 3x Optical Zoom Camera | | | | |
| Quantity: | Unit Price: | Value: | Seized: Yes | Forfeiture: No |
| Brand Name: Kodak | Model: M863 | Code: evidence | Color: red | |
| Serial Number: KCGHK83907446 | Owner Applied Number: | | | |

### STATEMENT

On September 12, 2013, at approximately 0916 hours, I, Sergeant Chris Melton, was advised by Deputy Tim Gonder, badge number 144, that an attorney in courtroom 1F at the Hastings Government Center had taken a photo of him while he was entering the courtroom. Deputy Gonder said he saw the flash of the camera while Attorney Michelle L MacDonald pointed the camera at him.

Attorney MacDonald had been sitting at the plaintiff's counsel table where she was representing Ms. Sandra Sue Grazzini-Rucki, Court File 19AV-FA-11-1273, for a child custody court hearing in front of Judge Knutson. She was standing up near the counsel table when she took the picture, then sat down again after she had taken the picture. Ms. Grazzini-Rucki also sat down at the counsel table next to her at that time. Deputy Gonder approached her, told her that she was not allowed to take photographs inside the courtroom, and he seized the camera. The camera was identified as a red Kodak, model M863, 3x optical zoom digital camera.

**Dakota Sheriff**
Disposition: Active/Pending

# INCIDENT

Case Number: 13001625
Title: Contempt of Court

13001625

Deputy Jon Napper, badge number 159 and I entered the courtroom at 0916 hours. Deputy Gonder gave me the camera and I went to the back hallway to speak with Judge Knutson. I advised him of the situation and asked if I could have a verbal court order to look at the phone's pictures. He said yes and I turned the camera on and observed the picture she had taken of Deputy Gonder.

I went back to the courtroom, approached Ms. MacDonald, and gave her a copy of Minnesota Court Rule 4.01 stating that no pictures or recording shall be taken in any courtroom except for the recording made as the official court record. Ms. MacDonald had her cell phone on the table in front of her and was sweeping her fingers across the screen of the phone. I saw that the screen was lit and there was a small circle spinning on the screen. I asked Ms. MacDonald if she was recording us. She said, "No, I'm going to take pictures with my cell phone." She then quickly exited the phone application that she was looking at. Deputy Gonder took her phone and gave it to me. I told her that we would hold on to it until the court proceeding was finished. Ms. MacDonald said she was taking photos for her own court record. She asked me what I would do if she continued taking photos. I told her that she could be placed under arrest for the contempt statute.

At 0917 hours, I went back to the hallway and told Judge Knutson that Ms. McDonald was in violation of the contempt of court statute 588.20 for taking pictures in the courtroom. Judge Knutson said that he expected the trial to start shortly. I told him that we were seizing the camera as evidence and Ms. MacDonald would receive a ticket for the misdemeanor offense.

While I was in the hallway, Deputy Napper remained in the courtroom and asked her to leave the courtroom because she was being disruptive. She had been demanding the court record and she stated that she was making her own court record. Ms. MacDonald and Ms. Grazzini-Rucki ultimately left the courtroom after being told to leave. At 0928 hours, they returned to the courtroom and commenced with the court trial. Deputy Gonder remained in the courtroom while the trial continued.

At 1010 hours, I re-entered the courtroom and sat down in the jury box. At 1026 hours, the court took a recess and I approached Ms. MacDonald. I asked her if she would go to the back hallway with me because I needed to talk to her. She said she wanted everything on the record and she wouldn't go anywhere without her client. I told her that she was under arrest for the contempt of court violation and she needed to go with me to the back hallway. I explained that she was getting a ticket and then would be released. I also said I wasn't going to use handcuffs. There was a man and a woman sitting on the bench in the court gallery that were associated with Ms. Grazzini-Rucki. I believe the man is identified as Michael Rhedin who identified himself to Deputy Gonder as a Hennepin County Deputy. Ms. MacDonald refused to go with me and stood closer to Ms. Grazzini-Rucki. I took Ms. MacDonald's right hand and escorted her through the courtroom towards the back courtroom door. Ms. MacDonald turned around in the middle of the courtroom and said something to Ms. Grazzini-Rucki. Ms. Grazzini-Rucki immediately began packing up the court files along with the other two people that were in the courtroom with her. Deputy Gonder assisted me escorting her back to the holding area.

I repeatedly explained to Ms. MacDonald that she would be released after she gave me her full name, date of birth, and address. We arrived at the court holding area and she asked me why she was under arrest. I gave her copies of the Minnesota Rule 4.01 and Statute 588.20. She refused to give me her

Incident Report

**Dakota Sheriff**  
**Disposition:** Active/Pending

# INCIDENT

**Case Number: 13001625**  
**Title:** Contempt of Court

13001625

name and asked questions about the court record. I explained to her at least fifteen times that she would be released once she gave me her full name, date of birth, and address.

Ms. MacDonald cried and said she wanted to call her husband. I again told her that she would be released with a ticket as soon as she supplied her information. Deputy Gonder, Deputy Napper, and Sergeant Cho talked to her numerous times in the holding area in an attempt to reason with her and have her give her information. She refused.

I utilized the Department of Vehicle Services Web Site and the Odyssey Court Web sites. I have not been able to accurately determine her full legal name. I did not find Michelle MacDonald on the DVS website. I found a Michelle L. MacDonald Shimota, date of birth REDACTED, on the Odyssey web site. I then checked the DVS website and found a driver's license with the same name and date of birth with an address in Rosemount.

The Courtroom 1F clerk called me and asked if Ms. MacDonald could be brought back into the courtroom. I went to the holding cell and told her they were ready for her to proceed with her court appearance. She said she did not want to go to court because she was under arrest. I told her that she would be released as soon as she gave her information. She refused to go to court and said she wasn't going. She said she wasn't going to stand up. Deputy Gonder got a wheelchair and brought it next to her holding cell. She refused to stand up and Deputy Napper and I lifted her up by her arms and set her in the wheelchair to take her to court.

We transported Ms. MacDonald to the courtroom. She refused to answer any questions that Judge Knutson asked her. I explained on the court record why she was in custody. I said that she would be released with a ticket as soon as she supplied her full name and date of birth and address. Additionally, Ms. Grazzini-Rucki had taken all of her belongings from the courtroom including Ms. MacDonald's purse.

Ms. MacDonald remained in her wheelchair in the courtroom at the counsel table while the court trial continued.

The court took a lunch break and she was brought back to the holding cell. At 1307 hours, I gave her a bag lunch with milk, but she refused to eat it. She refused to allow me to remove her handcuffs so she could eat and would not cooperate with removing the handcuff belt. She shook her head no when I asked if she would stand up, as witnessed by Deputy Gonder.

She had stated she needed to go to the bathroom at 1330 hours, but she refused to stand up and allow me to remove her handcuffs. She was then wheeled back to courtroom 1F for the court trial.

More attempts were made by deputies to get her to cooperate and give her a full name and date of birth.

At 1440 hours, she still had not given her personal information and the court trial was finished. She was transported to jail to be booked into jail for obstructing legal process and contempt of court.

She is held pending her initial appearance in the custody court room.

Incident Report

| Dakota Sheriff | INCIDENT | Case Number: 13001625 |
|---|---|---|
| Disposition: Active/Pending | | Title: Contempt of Court |
| laj424 | | |

13001625

Incident Report